MARK WILLIAM WEST, Plaintiff-Appellant, *v.* CARL FREDERICK *et al.,* Defendants-Appellees.

(No. 74-129;

Third District—November 14, 1975.

Elmo E. Koos, of Peoria, for appellant.

Heyl, Royster, Voelker & Allen, of Peoria (James Lewis, of counsel), for appellees.

Mr. JUSTICE BARRY delivered the opinion of the court:

Plaintiff, Mark West, filed a complaint in three counts to recover for personal injuries allegedly sustained September 28, 1968, when he was thrown from a tractor while riding as a guest passenger on the drawbar behind the driver's seat. Count I alleged willful and wanton misconduct against the driver, Carl Frederick; Count II alleged that Frederick was acting as agent of Marvin Frank, the owner of the tractor, who is alleged to be vicariously liable as principal for Frederick's willful and wanton acts; Count III alleged that Marvin Frank, owner, was liable for negligence in permitting Frederick use of the vehicle in violation of section 101a of the Uniform Act Regulating Traffic on Highways (Ill. Rev. Stat. 1967, ch. 95½, § 198a) (which prohibited operation of a tractor on a highway except in connection with farming operations) and of section 140 of the Act (Ill. Rev. Stat. 1967, ch. 95½, § 237) (which made it unlawful for an owner to knowingly permit such use). Count III was dismissed on defendant's motion; at the close of all the evidence, the court directed a verdict for defendant on Count II; the jury returned a verdict for defendant on Count I. After plaintiff's post-trial motion was denied, judgments were entered on the verdicts for defendants under Counts I and II. Plaintiff appeals claiming that the verdict and judgment for defendant under Count I is contrary to the manifest weight of the evidence and that the order dismissing Count III was error.

The proof showed that Carl Frederick was a high school student at Tremont and a neighbor of Marvin Frank for whom he occasionally did some farm work. The high school had scheduled a football game for September 28 which was to be preceded by a parade with floats. After getting permission from Frank, Frederick had volunteered the use of Frank's tractor to pull a float in the school parade. While Frederick was driving it to school for that purpose only, he met four schoolmates, including plaintiff, who stepped onto the drawbar of the tractor a few blocks from the school, for the ride. In making a left turn from the street into the school driveway, plaintiff's weight was apparently shifted to the right causing him to come into contact with the right rear wheel of the vehicle and to be thrown into the air in front of the tractor for a hard fall to the ground, from which he appears to have sustained back injuries.

Under the pleadings and evidence, the provisions of the guest statute at section 10—201 of the Illinois Vehicle Code (Ill. Rev. Stat., ch. 95½, § 10—201) are applicable as follows:

"No person riding * * * upon a motor vehicle * * * as a guest without payment for such ride, * * * shall have a cause of action for damages *against the driver* * * * *or its owner* * * * for injury, * * * unless such accident shall have been caused *by the willful and wanton misconduct of the driver* * * * *or its owner* * * * and unless such willful and wanton misconduct contributed to the injury, * * * for which the action is brought." (Emphasis added.)

As to the issues made under Count I of the complaint, we are persuaded after a review of the record that the verdict and judgment are not contrary to the manifest weight of the evidence. Plaintiff's proof also showed that defendant, Frederick, was not the agent of defendant, Frank, and therefore no error was made or claimed in respect to the directed verdict for defendant under Count II. No error of law was made in dismissing Count III which claims a right of recovery by a guest passenger against the owner, for negligence only and fails to allege willful and wanton misconduct, as required by section 10—201 of the Illinois Vehicle Code (Ill. Rev. Stat., ch. 95½, § 10—201). In *Ney v. Yellow Cab Co.*, 2 Ill.2d 74, 117 N.E.2d 74 (1954), upon which plaintiff relies, a *third party, not a guest passenger in the vehicle of owner*, was permitted to recover *for the negligence* of owner's agent in leaving keys in an unattended cab, in violation of a statute. The *Ney* case is plainly inapplicable here.

The judgment of the circuit court is affirmed.

STOUDER and STENGEL, JJ., concur.